UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    v.                                 Case No.:  2:23-cr-24-KCD-DNF

DIANE DURBON,

                                     /

## **ORDER**

Defendant Diane Durbon asks this Court to reduce her sentence (Doc. 91), but she leaves out the reasons why. To be sure, courts must read *pro se* filings generously. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But a generous reading cannot fill in a blank page. Durbon's motion is nothing more than a handwritten page stating that she is "currently affected by Amendment 821." (Doc. 91 at 1.) It offers no facts, cites no record evidence, and makes no legal argument linking Amendment 821 to her specific case. A court cannot grant relief when a litigant provides no basis to do so.

But even if we set aside the pleading defect and dig into the record, Durbon hits a wall. As best the Court can tell, she seeks a reduction under the "zero-point" offender provision of Amendment 821. *See* U.S.S.G. 4C1.1. The Sentencing Commission, however, placed strict limits on that relief: it does not apply to defendants who caused substantial financial hardship or

targeted vulnerable victims. *See* U.S.S.G. § 4C1.1(a)(6), (9). At sentencing, Durbon received guideline enhancements for both. She defrauded a 92-year-old victim suffering from severe dementia out of $542,760.23. Consequently, Amendment 821 does not actually lower her guideline range. And even if it did, the Court would not reduce her sentence because that "would not properly reflect the seriousness of the offense or promote respect for the law." *United States v. Doe*, No. 8:21-CR-209-WFJ-CPT, 2025 WL 2732721, at *2 (M.D. Fla. Sept. 25, 2025).

For these reasons, Durbon's motion (to the extent it can be called that) is **DENIED**.

**ORDERED** in Fort Myers, Florida on July 6, 2026.

Kyle C. Dudek
United States District Judge